IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Lewis T. Babcock

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 2 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01667-LTB
(Criminal Action No. 01-CR-437-B)

UNITED STATES OF AMERICA,

v.

BERT SANDERS,

    Movant.

---

### ORDER DENYING 28 U.S.C. § 2255 MOTION

---

Movant has filed **pro se** a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. The Court must construe the motion liberally because Movant is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the motion because it is barred by the one-year limitation period in § 2255.

Movant was convicted by a jury of possession with intent to distribute 500 grams or more of cocaine and possession with intent to distribute 50 grams or more of cocaine base. He was sentenced to 151 months in prison. The judgment of conviction was affirmed on direct appeal. **See United States v. Sanders**, No. 03-1005, 2004 WL 38094 (10th Cir. Jan. 8, 2004), **cert. denied**, 124 S. Ct. 2858 (2004). Movant now raises four claims challenging the validity of his conviction.

Pursuant to 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The judgment of conviction in this criminal action became final on June 14, 2004, when the United States Supreme Court denied Movant's petition for writ of certiorari on direct appeal. **See United States v. Willis**, 202 F.3d 1279, 1281 (10th Cir. 2000). The fact that Movant later filed a petition for rehearing does not affect the date on which the judgment of conviction became final because the Supreme Court did not suspend the order denying certiorari. **See id.** at 1280-81. Movant does not allege that he was prevented by unconstitutional governmental action from filing the instant motion sooner, he is not asserting any rights newly recognized by the Supreme Court and made

2

retroactively applicable to cases on collateral review, and the facts supporting his claims were or could have been discovered at the time he was convicted and during the course of his direct appeal. Therefore, the Court finds that the one-year limitation period began to run on June 14, 2004, when the judgment of conviction became final.

The instant motion was filed in this Court on August 26, 2005, more than one year after the one-year limitation period began to run on June 14, 2004. Therefore, the instant motion is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2255 is not jurisdictional and is subject to equitable tolling in appropriate extraordinary circumstances. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998) (holding that equitable tolling applies to one-year limitation period in 28 U.S.C. § 2244(d)). However, Movant makes no argument to justify his failure to file the instant action prior to expiration of the one-year limitation period. Therefore, the Court finds that equitable tolling is not appropriate in this action and the motion will be denied as untimely. Accordingly, it is

ORDERED that the 28 U.S.C. § 2255 motion filed on August 26, 2005, is denied and this civil action is dismissed.

DATED at Denver, Colorado, this 15t day of Sept            , 2005.

BY THE COURT:

_____
LEWIS T. BABCOCK, Chief Judge
United States District Court

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF SERVICE

Civil Action No. 05-cv-01667-LTB
Criminal Case No. 01-CR-437-B

The undersigned certifies that a copy of the foregoing ORDER DENYING 28 U.S.C. § 2255 MOTION was served on September 12, 2005, by:

(X) delivery to:

United States Attorney's Office


(X) depositing the same in the United States Mail, postage prepaid, addressed to:

Bert Sanders
Reg No. 30727-013
P.O. Box 15330
Fort Worth, TX 76119


_____
Deputy Clerk